**Michael C. MUNOZ, Plaintiff— Appellee,**

v.

**Marc CURTIS; Joy Trushenski, Defendants—Appellants,**

and

**Craig Farwell; Donald Helling; John Ignacio, Defendants.**

No. 01–17150.

D.C. No. CV–99–00232–RAM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided Sept. 30, 2002.

Before KOZINSKI and KLEINFELD, Circuit Judges, and BEISTLINE,* District Judge.

**MEMORANDUM** **

1. Because this interlocutory appeal is based in part on questions of law relating to officers Curtis and Trushenski's qualified immunity, we have jurisdiction to re-

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

view the district court's denial of their summary judgment motion. *See* 28 U.S.C. § 1291; *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Where disputed facts exist, we "assum[e] that the version of ... material facts asserted by [Munoz, the non-moving party,] is correct." *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir.2001).

We do not reach appellants' argument, raised for the first time on appeal, that Munoz failed to produce authenticated, admissible evidence to support his assertions. Our jurisdiction "is limited to questions of law" and does not extend to "disputed issues of material fact" or questions about "evidentiary sufficiency at summary judgment." *Id.* at 903–04 (internal quotation marks omitted). We leave the authentication and admissibility questions, and Munoz's response that this argument was waived, to the district court.

2. The district court did not err in denying Curtis and Trushenski qualified immunity. Taking the facts alleged by Munoz as true, we conclude that it "would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1050 (9th Cir.2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). Even before the stabbing, Curtis and Trushenski knew that Munoz had had a history of dangerous encounters with Mexican gangs in another facility. After Munoz arrived at Nevada State Prison, he repeatedly told the officers that they should not transfer him to Unit 7 because his enemies, including MRU members "Cricket" and "Sparky," were living there and would assault him if given the opportunity.

Curtis and Trushenski's failure to heed these warnings and their insistence that Munoz provide information he didn't have, such as his enemies' legal names, before

they would stop the transfer amounted to "deliberate indifference" to clearly established federal rights and prison officials' duty "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833–34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks omitted). Under the circumstances, "a reasonable officer would have understood that his decision was impermissible under the Eighth Amendment." *Estate of Ford*, 301 F.3d at 1045.

3. The district court did not apply a wrong or incomplete legal standard on qualified immunity when it left out a discussion of "mere suspicion." *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986) ("[The state official] must have more than a mere suspicion that an attack will occur." (internal quotation marks omitted)). There was no reason to dwell on "mere suspicion" in this case because, according to Munoz's allegations, there was actual knowledge of "a substantial risk of serious harm." *Farmer*, 511 U.S. at 828.

**AFFIRMED.**